IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JEFFREY JAY JONES and SANDRA D. JONES, Individually, and on behalf of a class of similarly situated persons, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action File No.: 4:08-cv-00152-CDL |
| BANK OF AMERICA CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' PRELIMINARY MOTION FOR CLASS CERTIFICATION**

COME NOW PLAINTIFFS, individually and on behalf of a class of all persons similarly situated, and hereby file their Preliminary Motion for Class Certification pursuant to O.C.G.A. § 9-11-23.  Plaintiffs reserve the right to later file a Motion for Class Certification, and Brief in Support Thereof, at the time designated by the Court in a scheduling order, after discovery on the certification issue has been completed.  Plaintiffs request that the Court defer ruling on the Preliminary Motion for Class Certification until after discovery has been conducted and Plaintiffs have been afforded a reasonable opportunity to submit a thorough Brief in Support of Class Certification with evidence in support of class certification.

Plaintiffs seek certification of a class of similarly situated persons defined as follows:  All persons who borrowed funds from Bank of America Corporation:

      (a) whose loan was secured by a security deed on property in Georgia in favor of Bank of America Corporation,

      (b) whose loan has been paid in full,

  (c) for whom Bank of America Corporation did not submit a proper cancellation to the appropriate Superior Court within sixty (60) days of the loan payoff, and

  (d) whose security deed was not cancelled within sixty (60) days of the loan payoff.[1]

Excluded from Plaintiffs' class is Defendant, any entity in which Defendant has a controlling interest, and any agents, employees, officers, and/or directors of Defendant, or any of them, and their representatives, heirs, successors, and/or assigns. The identity of the class members is readily ascertainable based on objective criteria and can be ascertained using information, computer records and/or clerical assistance within the possession, custody or control of Bank of America Corporation and its agents or affiliates.

This case meets the requirements of O.C.G.A. § 9-11-23(a). The class is so numerous that individual joinder of all class members as parties to this action would be impractical. O.C.G.A. § 9-11-23(a)(1). Questions of law and fact of common and general interest to the class exist as to all members and predominate over any questions affecting only individual members of the class. O.C.G.A. § 9-11-23(a)(2). Plaintiffs' claims are typical of the claims of other class members, in that all such claims arise out of the failure of Bank of America to properly cause the cancellation of class members' security deeds within the sixty (60) days of payoff as required by law. Plaintiffs and other class members have suffered a common injury arising out of Defendant's common course of conduct as alleged herein. The conduct and negligent practices of Bank of

---

[1] The relevant time period is twenty years immediately preceeding the date on which this Complaint was filed.

America with respect to its failure to properly cancel security deeds within sixty (60) days of payoff are the same or substantially the same for each class member. O.C.G.A. § 9-11-23(a)(3). Plaintiffs will fairly and adequately protect the interests of the members of the class and have no interest antagonistic to or in conflict with those of class members. Plaintiffs have retained class counsel competent to prosecute class actions, including consumer class actions, and they intend to prosecute this action vigorously for the benefit of the class. O.C.G.A. § 9-11-23(a)(4).

This case is also properly certified under O.C.G.A. § 9-11-23(a)(3). A class action is superior to other available methods for a fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical. O.C.G.A. § 9-11-23(b)(3). Further, as damages suffered by each class member may, in many cases, be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to obtain relief. The interests of judicial economy favor adjudicating the claims as a class. Questions of law and fact predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The issue of whether Bank of America Corporation properly cancels security deeds within sixty (60) days of loan payoff is the same for every class member and predominates over any other questions affecting only individual class members. O.C.G.A. § 9-11-23(b)(3).

## **CONCLUSION**

Plaintiffs respectfully request certification of this class action as a class action pursuant to O.C.G.A. § 9-11-23. Plaintiffs also request that the Court defer ruling on this

Preliminary Motion until after discovery has been conducted and Plaintiffs have been afforded a reasonable opportunity to submit a thorough Brief in Support of Class Certification along with evidence in support of class certification.

This 17th day of February, 2009.

Respectfully submitted:

CHARLES A. GOWER, P.C.

*/s/ Charles A. Gower*
CHARLES A. GOWER
Georgia Bar No.: 303500

1425 Wynnton Road
Post Office Box 5509
Columbus, Georgia 31906
(706) 324-5685

PHILIPS-BRANCH

*/s/ Ben B. Philips*
BEN B. PHILIPS
Georgia Bar No.: 575550

1415 Wynnton Road
Post Office Box 2808
Columbus, Georgia 31902
(706) 323-6461

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

This is to certify that on February 17th, 2009, I electronically filed the within and foregoing "PLAINTIFFS' PRELIMINARY MOTION FOR CLASS CERTIFICATION" with the Clerk of Court using CM-ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Dwight J. Davis
> Barry Goheen
> Jennifer D. Fease
> KING & SPALDING LLP
> 1180 Peachtree Street, NE
> Atlanta, Georgia 30309
> (404) 572-4600 (tele.)
> (404) 572-5140 (fax)
> ddavis@kslaw.com

This 17th day of February, 2009.

>   /s/ Charles A. Gower
>  CHARLES A. GOWER