IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JEFFREY JAY JONES and SANDRA D. JONES, Individually, and on behalf of a class of similarly situated persons, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | 4:08-CV-152 (WLS) |
| BANK OF AMERICA CORPORATION, | : : | |
| Defendant. | : : | |

## ORDER

Presently pending before the Court are Defendant's Motion for Judgment on the Pleadings as to Plaintiff's Class Allegations (Doc. 8), Plaintiffs' Preliminary Motion for Class Certification (Doc. 15), and Plaintiffs' Motion to Stay (Doc. 24). For the reasons articulated below, Plaintiffs' Preliminary Motion for Class Certification (Doc. 15) is **DENIED WITHOUT PREJUDICE**, and Plaintiffs' Motion to Stay (Doc. 24) is **GRANTED**. Therefore, Defendant's Motion for Judgment on the Pleadings as to Plaintiff's Class Allegations (Doc. 8) is **STAYED** pending resolution of the plaintiff's "Motion to Certify a Question of Law to the Georgia Supreme Court" in Schorr v. Countrywide Home Loans, Inc., No. 4:07-CV-00019-WLS (M.D. Ga.).

## BACKGROUND

Plaintiffs bring this action individually and on behalf of a purported class of similarly situated people for Defendant's alleged violations of O.C.G.A. § 44-14-3. The statute generally allows for liquidated damages of $500, plus attorneys fees and other compensatory damages, if prior written notice had been submitted by the injured party and a violation is found. O.C.G.A. §

44-14-3(c); *see* Suntrust Bank v. Hightower, 660 S.E. 2d 745, 746-47 (Ga. App. 2008).  Similar actions are currently pending in this Court.  *See* Schorr v. Countrywide Home Loans, Inc., No. 4:07-CV-00019-WLS (M.D. Ga.); Lewis v. Bank of Am. Corp., No. 4:07-CV-24-WLS (M.D. Ga.).

## DISCUSSION

**I. PLAINTIFFS' PRELIMINARY MOTION FOR CLASS CERTIFICATION (Doc. 15)**

Plaintiffs move for certification of its class in what it has styled a "Preliminary" Motion for Class Certification.  (*See* Doc. 15).  In this motion, Plaintiffs "request that the Court defer ruling on the Preliminary Motion for Class Certification until after discovery has been conducted and Plaintiffs have been afforded a reasonable opportunity to submit a thorough Brief in Support of Class Certification with evidence in support of class certification."  (Doc. 15 at 1).  Plaintiffs state that this motion is "pursuant to O.C.G.A § 9-11-23."  (*Id.*).

Defendants oppose the motion on grounds that it is procedurally improper and that, as Defendants argue in their Motion for Judgment on the Pleadings, class certification cannot be obtained in this case as a matter of law.  (Doc. 16 at 1-2).

The Court agrees that Plaintiffs' motion is procedurally improper.  The state statute upon which Plaintiffs rest their motion does not even contain the word "preliminary."  See O.C.G.A. § 9-11-23.  Nor do Plaintiffs cite any law indicating that "preliminary" should be read into O.C.G.A. § 9-11-23.  Furthermore, neither the Federal Rules of Civil Procedure nor the Local Rules of this Court expressly provide for a "preliminary" motion for class certification.  Finally, Plaintiffs themselves admit that this motion is premature: with their request that judgment be deferred until after discovery, Plaintiffs indicate that this motion is better considered at a non-"preliminary" time.

2

Therefore, Plaintiffs' Preliminary Motion for Class Certification (Doc. 15) is **DENIED WITHOUT PREJUDICE** as premature. *See* Bradford v. WR Starkey Mortgage, LLP, No. CIV A 206-CV-86-WCO, 2007 WL 2302514, at *2 (N.D. Ga. Aug. 2, 2007) ("In light of the fact that plaintiff intends to file a supplemental motion for class certification at the close of discovery, plaintiff's preliminary motion for class certification … is hereby DENIED without prejudice subject to renewal after the expiration of the discovery period."); Garrison v. Chuck, Carol & Co., No. 6:06-cv-1656-Orl-28JGG, 2007 WL 1106128, at *5 (M.D. Fla. Apr. 11, 2007) ("The motion for [preliminary] class certification is DENIED without prejudice as premature."). The Court finds that denial of Plaintiffs' motion has no impact on the ultimate issue of class certification.

## II. PLAINTIFFS' MOTION TO STAY (Doc. 24) & DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S CLASS ALLEGATIONS (Doc. 8)

Plaintiffs move for a stay on Defendant's Motion for Judgment on the Pleadings as to Plaintiff's Class Allegations (Doc. 8), pending resolution of the plaintiff's "Motion to Certify a Question of Law to the Georgia Supreme Court" in Schorr. Defendant has not filed a response to the Motion for Stay.

In Schorr, the plaintiff made a motion for the sending of the following certified question of state law to the Georgia Supreme Court:

> Whether in a class action lawsuit the absent class members are deemed to have satisfied the written demand requirement for liquidated damages addressed in O.C.G.A. § 44-14-3 through the named Plaintiffs' satisfaction of the written demand requirement.

Schorr v. Countrywide Home Loans, Inc., No. 4:07-CV-00019-WLS, at Doc. 27 (M.D. Ga.). This question relates to a main argument by Defendant in its Motion for Judgment on the Pleadings as to Plaintiff's Class Allegations: "Plaintiffs must demonstrate that every putative

3

class member made an appropriate and legally sufficient demand on the Bank." (Doc. 8 at 6); see also (Doc. 14 at 3) (presenting first argument of Defendant's Reply Brief as "PLAINTIFFS' 2003 PRE-SUIT DEMAND CANNOT REPRESENT A DEMAND ON BEHALF OF AN ENTIRE CLASS").

A ruling on the Schorr motion to certify has not yet been made. The Court finds that it is appropriate to stay Defendant's Motion for Judgment on the Pleadings as to Plaintiff's Class Allegations (Doc. 8) until the Schorr motion is resolved. Therefore, Plaintiffs' Motion to Stay (Doc. 24) is **GRANTED** and Defendant's Motion for Judgment on the Pleadings as to Plaintiff's Class Allegations (Doc. 8) is **STAYED** pending the ruling on the "Motion to Certify a Question of Law to the Georgia Supreme Court" in Schorr v. Countrywide Home Loans, Inc., No. 4:07-CV-00019-WLS (M.D. Ga.), and the ruling of the Georgia Supreme Court if that motion is granted.

## **CONCLUSION**

For the reasons articulated above, Plaintiffs' Preliminary Motion for Class Certification (Doc. 15) is **DENIED WITHOUT PREJUDICE**, Plaintiffs' Motion to Stay (Doc. 24) is **GRANTED**, and Defendant's Motion for Judgment on the Pleadings as to Plaintiff's Class Allegations (Doc. 8) is **STAYED**.

The Court further **ORDERS** the above-captioned case to be administratively closed, and to be reopened upon either (i) the denial of the "Motion to Certify a Question of Law to the Georgia Supreme Court" or (ii) the issuance of an opinion by the Georgia Supreme Court upon the granting of the motion to certify, whichever occurs in Schorr v. Countrywide Home Loans, Inc., No. 4:07-CV-00019-WLS (M.D. Ga.).

**SO ORDERED**, this  28th  day of September, 2009.

 /s/  W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**