# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| JEFFERY JAY JONES and SANDRA D. JONES, individually and on behalf of a class of similarly situated persons, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | 4:08-cv-152 (WLS) |
| BANK OF AMERICA CORPORATION, | : : : : | |
| Defendant. | : : | |

## ORDER

Before the Court is Plaintiffs Jeffery Jay Jones and Sandra D. Jones' Motion for Leave to File Amended Complaint. (Doc. 45.) Plaintiffs seek to amend their complaint to change the proposed definition of the class of people affected by the issues in their putative class action. Defendant Bank of America Corporation has not filed a response. (*See* Docket.)

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading with the court's leave "when justice so requires." Fed. R. Civ. P. 15. "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). In other words, the Court must identify a substantial reason to justify denying the motion. *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). Substantial reasons

include undue delay, bad faith, or dilatory motive, among others. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

After reviewing the record, the Court concludes the Plaintiffs should be permitted to amend their complaint under Rule 15. Plaintiffs' motion is timely under the Court's scheduling and discovery order, which set the deadline to file all motions to amend for June 1, 2013. Nothing in the record indicates that the amendment is offered in bad faith, with dilatory motive, or would cause undue delay. Furthermore, the Eleventh Circuit has indicated that the ability to modify the scope of the putative class while discovery is ongoing is not only an important part of the Court's case management duties but also an essential part of the Court's ultimate duty to make a proper Rule 23(c)(1) class certification determination. *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000).

For those reasons, Plaintiffs' motion (Doc. 45) is **GRANTED**.

**SO ORDERED**, this   30th  day of May 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**