# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| JEFFREY JAY JONES and SANDRA D. JONES, Individually and on behalf of a class of similarly situated persons, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | CASE NO.: 4:08-CV-152 (WLS) |
| BANK OF AMERICA CORPORATION, | : : | |
| Defendant. | : : | |

## ORDER

Before the Court is Defendant Bank of America Corporation's Motion to Stay Discovery Pending Motion to Dismiss. (Doc. 52.) For the reasons that follow, the motion is **DENIED**.

### I. PROCEDURAL BACKGROUND

Almost five years ago, on November 11, 2008, Plaintiffs Jeffery Jay Jones and Sandra D. Jones filed suit on behalf of themselves and a putative class seeking liquidated damages against Defendant Bank of America Corporation (the Bank) for its alleged failure to cancel security deeds under O.C.G.A. 44-14-3. (Doc. 1.)

A slew of delays followed. On December 19, 2008, before discovery began, the Bank filed its first Motion for Judgment on the Pleadings, seeking a dismissal of the Joneses' class allegations because individualized inquiries defeated predominance. (Doc. 8.) The Parties filed a Consent Motion to Stay Discovery, which the Court granted, on May 11, 2009. (Docs. 19, 23.) Then on September 29, 2009, the Court further stayed the case pending a certified question to the Supreme Court of Georgia in a case involving

1

an identical question, *Schorr v. Countrywide Home Loans, Inc.*, No. 4:07-cv-19-WLS (M.D. Ga.). (Doc. 25.) On October 25, 2010, the Court reopened the case following the return of the certified question. (Doc. 31.) After supplemental briefing, the Court then denied the Bank's Motion for Judgment on the Pleadings. (Doc. 40.)

After the submission of a joint proposed discovery order in June 2012, the case sat, by error, for ten months without action. (*See* Docket.) Upon receipt of another joint scheduling and discovery order, the Court entered a discovery order May 7, 2013. (Doc. 44.) The discovery order gave the Parties until November 1, 2013 for Phase I discovery limited to initial class certification. (*Id.*) The Parties also agreed to June 1, 2013, as the deadline for the Joneses to "amend the proposed class definition." (*Id.*)

The Joneses filed a Motion to Amend the Complaint May 17, 2013, which the Court granted. (Docs. 45, 46.) The Amended Complaint expanded the class definition to

> All persons who borrowed funds from [the Bank] or for whom [the Bank] or a direct or indirect subsidiary of [the Bank] was the grantee or holder of the instrument or servicing agent for their loans (a) whose loan was secured by a security deed on property in Georgia in favor of [the Bank] or whose loan was secured by a security deed on property in Georgia for whose loan [the Bank] or a direct or indirect subsidiary of [the Bank] was the grantee or holder of the instrument or servicing agent for the loan, (b) whose loan has been paid in full, (c) for whom [the Bank] or a direct or indirect subsidiary of [the Bank] did not submit a proper cancellation to the appropriate Superior Court Clerk within sixty (60) days of the loan payoff, and (d) whose security deed was not cancelled within sixty (60) days of the loan payoff.

(Doc. 47.)

On June 17, 2013, in the midst of long-delayed, consensual discovery, the Bank filed a Motion to Dismiss Plaintiffs' First Amendment Complaint and a Motion to Stay Discovery. (Docs. 50, 52.) In the motion to dismiss, the Bank claims that the Joneses lack standing because they sold the property before the Complaint was filed and because

2

O.C.G.A § 4-14-3 does not confer them standing. The Bank asks for a stay of the case because the Joneses seek extensive discovery and the motion to dismiss is purportedly dispositive to the entire case.

The Joneses oppose a stay and now seek to consolidate this case with *Schorr*, No. 4:07-cv-19-WLS (M.D. Ga.).

## II. DISCUSSION

The Bank asks the Court to stay discovery during consideration of its most recent motion to dismiss. In support of this request, the Bank cites *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997) and its progeny for the general proposition that "facial challenges to the legal sufficiency of a claim or defense . . . should be resolved before discovery begins." (Doc. 52-1 at 4 (quoting *Chudasama*, 123 F.3d at 1367).). Nothing in *Chudasama*, however, means "discovery should be stayed as a matter of course whenever a defendant files a motion to dismiss." *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-cv-32 (HL), 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008). To the contrary, such stays are disfavored unless the pending motion will dispose of the case or narrow the issues. *Massey v. Fed. Nat'l Mortg. Ass'n*, No. CV412-102, 2012 WL 3685959, *1 (S.D. Ga. Aug. 24, 2012). And the "party seeking the stay must prove good cause and reasonableness." *Arriaga-Zacarias*, 2008 WL 4544470, at *1 (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D Fla. 2006)).

The facts of *Chudasama* are a far cry from those in this case. The district court in *Chudasama* delayed resolution on a motion to dismiss for a year and a half while the plaintiff engaged in abusive, unchecked discovery. 123 F.3d at 1357–60. The resolution of that motion would have narrowed considerably the relevant issues by eliminating a "dubious" claim of fraud. *Id.* at 1368. "Thus, when faced with a motion to dismiss a

3

claim for relief that significantly enlarges the scope of discovery," the *Chudasama* court held, "the district court should rule on a motion *before entering discovery orders*, if possible." *Id.* (emphasis added). What animated the Eleventh Circuit in *Chudasama* was the district court's decision to allow the plaintiffs to make their case through discovery even though the pleading almost certainly failed to state a claim. *See id.* at 1367.

Unlike *Chudasama*, the Bank here had every opportunity to limit the scope of discovery. This case is now five years old. The Court ordered the Bank on January 3, 2011, more than two years ago, to supplement its motion for judgment on the pleadings. (Doc. 36.) The Court stayed discovery to resolve that motion. (*Id.*) The grounds now argued in the most recent motion to dismiss were available years ago, back in 2009, when the Court of Appeals of Georgia decided *Associated Credit Union v. Pinto*, 297 Ga. App. 605 (2009). Just as a plaintiff should not be able to embark on unfettered discovery by filing a defective complaint, neither should a defendant be able to halt resolution of a case every time it conceives of a Rule 12 motion.

Whether to grant a motion to stay ultimately requires a court to weigh the cost of delaying discovery with the probability that a pending motion will dispose of the need for discovery. *Arriaga-Zacarias*, 2008 WL 4544470, at *1. The Court finds it is sufficiently ambiguous whether the pending motions will prevail to allow discovery to proceed. In the event the motion to dismiss is denied or the motion to consolidate is granted, the discovery will further the long-delayed resolution of this case.

4

### III. CONCLUSION

The motion is **DENIED**.

**SO ORDERED**, this  15th  day of October 2013.

              /s/ W. Louis Sands
              **THE HONORABLE W. LOUIS SANDS,**
              **UNITED STATES DISTRICT COURT**