IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JEFFREY JAY JONES and SANDRA D. JONES, Individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: CASE NO.: 4:08-CV-152 (WLS)<br>:<br>:<br>:<br>:<br>: |

## ORDER

Before the Court is Defendant Bank of America Corporation's Motion to Dismiss. (Doc. 50.) Although the Court concludes the Bank's motion should be granted, the case will remain stayed for forty-five days with leave for plaintiffs to seek ratification, joinder, or substitution from the real party in interest.

## PROCEDURAL POSTURE

Plaintiffs Jeffery Jay Jones and Sandra D. Jones brought suit on behalf of themselves and a putative class against Bank of America Corporation (the Bank) for its alleged failure to timely cancel security deeds under section 44-14-3 of the Georgia Code. That section provides $500 in liquidated damages against the grantee of a security instrument that fails to cancel the instrument within sixty days of full payment on the indebtedness. O.C.G.A. § 44-14-3(c).

The matter is before the Court on the Bank's Motion to Dismiss under Rules 12(b)(1) and (6). The central facts underlying the motion are the following. In 1991, the Joneses purchased a home in Columbus, Georgia. They financed the purchase with a

home loan secured by a security deed on the property. Three years later, the Joneses paid off the indebtedness. On September 16, 2002, they conveyed the property via warranty deed to a buyer. At the time of the conveyance, despite the previous payoff, the Bank's security deed remained on the property. In June 2003, the Joneses mailed the Bank a certified letter demanding cancelation of the deed and noticing the Bank of their right to seek $500 in liquidated damages under section 44-14-3. Shortly thereafter, the Bank canceled the deed. The Joneses filed suit seeking $500 in liquidated damages in November 2008.

Because the Joneses sold the property before seeking damages and filing suit, the Bank argues that they are not the real parties in interest with standing to sue under O.C.G.A. § 44-14-3. This argument is premised on a Court of Appeals of Georgia decision, *Associated Credit Union v. Pinto*, 677 S.E.2d 789 (Ga. Ct. App. 2009), which held that a plaintiff who did not own the property at the time of filing suit or face marketability issues was not the real party in interest under O.C.G.A. § 44-14-3. The Bank also claims that the Joneses, as "original grantors," cannot recover regardless of whether they possess the property because the statute defines grantors to "mean[] heirs, devisees, executors, administrators, successors, transferees, or assigns."

In response, the Joneses argue that *Pinto* is distinguishable or should be disregarded. They claim *Pinto* is distinguishable, because, unlike the *Pinto* plaintiff, the Joneses are the original grantors to the security instrument, not merely a "one-time successor in interest." The Joneses also assert in the alternative that if *Pinto* requires property ownership at the time of filing, it is inconsistent with Georgia rules of statutory construction and the remedial purposes of O.C.G.A. § 44-14-3. Finally, they urge the Court to allow substitution of a class representative if the Court grants the motion to dismiss.

Although the Court concludes the Joneses are not the real parties in interest, it grants leave for plaintiffs to provide the current property owners an opportunity to ratify, join, or substitute themselves as plaintiffs in this action.

2

**DISCUSSION**

    I.    **Standards of Review**

Under Federal Rule of Civil Procedure 12, a party may assert a motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1) & (h)(3). If at any time the Court finds that jurisdiction is lacking, it must dismiss the case. Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction over an action may be attacked facially or factually. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). On a factual attack, the Court may consider evidence outside of the complaint. *McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007).

    II.    **Whether the Joneses are the Real Parties in Interest Under § 44-14-3.**

The Court agrees with the Bank that the Joneses are not the real parties in interest under O.C.G.A. § 44-14-3. The Parties do not dispute that, like the plaintiff in *Pinto*, the Joneses did not own the property at the time they demanded damages and filed suit. Under Georgia law, this fact precludes them from collecting liquidated damages.

The situation in *Pinto* is analytically indistinguishable from the one here. In that case, Plaintiff Daniel Pinto purchased property encumbered by a security deed. 677 S.E.2d 789, 790. He then sold the encumbered property to a buyer. *Id.* Months after the conveyance, in the same manner as the Joneses, Pinto mailed the grantee of the security instrument a letter seeking cancelation of the deed. *Id.* Unaware that Associated Credit Union, the grantee, had canceled the deed, Pinto filed suit seeking liquidated damages. *Id.*

Under these facts, the Court of Appeals of Georgia held that Pinto was not the real party in interest under O.C.G.A. § 44-14-3. *Id.* at 790–91. The court reasoned that Pinto did not own the property at the operative time, had suffered no injury, and had filed suit after the deed had been canceled. *Id.* at 791. In further support of the holding, the court explained that the statute contemplates one person with standing to recover:

> In addition, OCGA § 44-14-3(c) provides that "the" grantor (not "all" or "a" grantor) is entitled to liquidated damages and attorney fees. Further, the statute defines "grantor" as: "heirs, devisees, executors, administrators, successors, transferees, or assigns" of the original grantor of the security interest. And at the time Pinto filed the complaint, he had already sold the property to Nguyen. Thus, Pinto is not "the" grantor contemplated by the statute, and he, therefore, lacks the capacity to prosecute the claims set forth in his complaint.

*Id.* at 791. Thus, under *Pinto*, neither of the Joneses is "the grantor" under the statute because both conveyed the property prior to filing suit.

The Court finds the Joneses' attempt to distinguish *Pinto* unpersuasive. The Joneses claim *Pinto* does not apply to original grantors of the security instrument. Nothing in *Pinto* turned on the plaintiff's status as a "one-time successor in interest." To the contrary, under the reasoning of *Pinto*, if the statute permits recovery for "the" grantor alone, and the current property owner is "*the* real party in interest," it follows that the original grantors in *Pinto* were in no better a position than the plaintiff. As even Plaintiffs' counsel has argued in a related case they now want consolidated, "*Pinto* makes clear that 'the grantor' for purposes of section 44-14-3 is the person or entity with the current interest in the property at the time the complaint is filed, i.e., the only one who could suffer harm from the security deed not being cancelled." Response In Opposition to Motion to Dismiss, *Schorr v. Countrywide Home Loans*, No. 4:07-cv-19-WLS (M.D. Ga. Mar. 25, 2013).

Intermediate state appellate court opinions such as *Pinto* are binding on this Court unless "there is some persuasive indication that the highest court of the state would decide the issue differently." *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002). In other words, "[w]here an intermediate state appellate court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *West v.*

4

*American Telephone & Telegraph Co.*, 311 U.S. 233, 237 (1940). A federal court may not disregard an intermediate state appellate court's decision simply because it disagrees with the reasoning or outcome of the case. *Williams v. Singletary*, 78 F.3d 1510, 1515 (11th Cir. 1996).

The Joneses urge the Court to disregard *Pinto* because the Supreme Court of Georgia has held that Georgia courts cannot attach new conditions to a statute and must construe remedial statutes broadly to advance their legislative purposes. But the Court of Appeals in *Pinto* did not attach a new condition to the deed-cancelation statute. Under Georgia and federal law, every plaintiff must be a real party in interest to prosecute a particular cause of action. Fed. R. Civ. P. 17(a); O.C.G.A § 9-11-17. As already stated, the Joneses are not the real parties in interest. The plain text of the statute defines "grantors" in the present possessory sense. § 44-14-3(a)(4) (defining grantor as "heirs, devisees, executors, administrators, successors, transferees, or assigns"). In addition, the Joneses offer no explanation for why they—and not a current owner whose interest is clouded—should be "the grantor" to recover liquidated damages.

Moreover, permitting only the current property owner to recover liquidated damages does not frustrate the statute's purpose. According to the Supreme Court of Georgia

> [t]he plain legislative purpose underlying O.C.G.A. § 44-14-3(c) is to protect grantors from victimization by grantees who unreasonably withhold satisfaction or cancellation. To accomplish this propose, the statute compensates the victimized grantor, punishes the grantee who has perpetrated the abuse, and attempts to deter future abuses.

*Mitchell v. Oliver*, 327 S.E.2d 216, 220 (Ga. 1985) (citation omitted). The victim harmed in the first instance by the failure to cancel the deed is the property owner whose interest and title is devalued by the grantee's unreasonable delay. The statute explicitly provides that such people—"transferees"—have standing to recover liquidated damages. § 44-14-3(a)(4) (including "transferees" in definition of grantor); *Lebbos v. Davis*, 567 S.E.2d

5

345, 347 (Ga. Ct. App. 2002) ("A grantor under O.C.G.A. § 44-14-3 includes a successor in title."). It therefore does not hamper the statute's purpose to hold that a current property owner is "the grantor" under the statute.

In sum, the Joneses have failed to unearth a tangible indication to persuade the Court that the Supreme Court of Georgia would rule differently from the Court of Appeals in *Pinto*. Because the Joneses have not provided the Court with the data to make that finding, the Court is bound by *Pinto*. For that reason, the Court grants the Bank's motion to dismiss.

### III.   Substitution of Class Representative

The Joneses request that the Court allow them to substitute a class representative in the event it finds them improper plaintiffs. In support of this request, they cite various Eleventh Circuit case law allowing substitution when the class has already been certified or when the class representative's claim becomes moot or fails on the merits. The Bank counters with a case stating that dismissal without leave is required when the class representative lacks Article III standing.

The Court finds that neither body of law dictates the proper result here. Had the Joneses lacked Article III standing at the time of filing, the proper course may be dismissal. *Hammond v. Reynolds Metals Co.*, 219 F. App'x 910, 915 (11th Cir. 2007); *Lierboe v. State Farm Mut. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003); *Foster v. Ctr Twp. of LaPorte Cnty.*, 798 F.2d 237, 245 (7th Cir. 1986). *See generally* William B. Rubenstein, 1 *Newberg on Class Actions* § 2.8 (5th ed.) ("[I]f a case has only one class representative and that party does not have standing, then the court lacks jurisdiction over the case and it must be dismissed; if the case only had this one class representative from the outset, then there is no opportunity for a substitute class representative to take the name plaintiff's place . . . ."). On the other hand, if the Joneses' claim failed on the merits or became moot, it would follow that the Court should allow substitution. *Cotterall v. Paul*, 755 F.2d 777, 781 (11th Cir. 1985). But here, where the plaintiffs are not the real parties in interest un-

6

der substantive Georgia law, the Court should not dismiss without granting leave to allow "the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3); *see also Delta Coal Program v. Libman*, 743 F.2d 852, 855–57 (11th Cir. 1984).

Thus, the Court grants plaintiffs' counsel leave to provide the real party in interest—the current property owner—an opportunity to do just that. The Court is unpersuaded that *Pinto* means the Joneses lack constitutional standing. The Joneses suffered a decade-long injury by virtue of the Bank's alleged failure to timely cancel a security deed that wrongly reflected the Joneses' indebtedness. Georgia law provides, however, that only the current property owner can recover from that failure. *Pinto*, 677 S.E.2d at 606–07. So this is not a case like the one in *Kasprzak v. American General Life and Accident Insurance Company*, 942 F. Supp. 303 (E.D. Tex. 1996), where the plaintiff sued over a fraudulent insurance policy he had never even purchased. It is more akin to a situation where a harmed plaintiff transfers title to property, depriving him of status as the real party in interest but not Article III standing. *See Clark v. Deutsche Bank Nat'l Trust Co.*, No. 2:12-cv-231-KS-MTP, 2013 WL 3821568, at *3 (S.D. Miss. Jul. 23, 2013) (holding that plaintiff's former wife was real party in interest in suit over wrongful foreclosure and slander of title because the plaintiff had transferred all interest in property prior to filing suit, and granting leave to add her to the case); *Kinman v. Wells Fargo Bank, N.A.*, No. 2:12-cv-02853, 2013 WL 523092, at *3 (E.D. Cal. Feb. 11, 2013) (granting leave to substitute real party in interest because plaintiff had deeded property to third party prior to filing suit).

Allowing the current property owner to ratify, join, or substitute the Joneses as plaintiff is necessary in the interests of justice to prevent forfeiture due to an understandable mistake. *See* Fed. R. Civ. P. 17, advisory committee notes. The Parties have spent five years litigating this action. The Bank waited years to bring this defense despite its availability as far back as 2009. Moreover, at the time of the filing of the Com-

plaint, no court in Georgia had definitively addressed whether the original grantor who no longer possessed the property was the real party in interest under O.C.G.A § 44-14-3. And the only court decisions to address the issue suggested that such a person could in fact sue for liquidated damages. *See Heritage Creek Dev. Corp. v. Colonial Bank*, 601 S.E.2d 842, 845–46 (Ga. Ct. App. 2004) ("Had Heritage Creek [the original grantor] made a written demand for the [cancelation] documents soon after the properties sold, the bank might have been liable under the statute."); *Lebbos v. Davis*, 567 S.E.2d 345, 347 (Ga. Ct. App. 2002). The Bank has not shown that it will be prejudiced, as the real party's claims "have functionally been before the court since the outset of this litigation." *Libman*, 732 F.2d at 856.

Accordingly, the case shall remained stayed for **forty-five (45) days**, and the Court grants Plaintiffs' counsel leave to provide the current property owner an opportunity to ratify, join, or be substituted in this action.

### CONCLUSION

For those reasons, the Court will grant the Bank's motion[1] in forty-five days from the entry of this Order if the real party in interest does not ratify, join, or substitute him or herself as plaintiff to this action. In addition, by agreement of the Parties, the case shall continue, if at all, against Bank of America, N.A.

**SO ORDERED**, this ___27th__ day of November, 2013.

                         _/s/ W. Louis Sands_____
                         **W. LOUIS SANDS, JUDGE**
                         **UNITED STATES DISTRICT COURT**

---

[1] In *Schorr v. Countrywide Home Loans*, No. 4:07-cv-09-WLS, 2013 WL 3786631 (M.D. Ga. Jul. 18, 2013), the Court denied Countrywide's motion to dismiss regarding whether "original grantors" have standing under O.C.G.A § 44-14-3. The Bank made an identical argument here, and the Court incorporates its reasoning and ruling from that Order.