**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| JEFFREY JAY JONES and SANDRA D. JONES, Individually and on behalf of a class of similarly situated persons, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | CASE NO.: 4:08-CV-152 (WLS) |
| BANK OF AMERICA CORP., | : : : | |
| Defendant. | : : | |

---

### <u>ORDER</u>

Before the Court are Defendant's Motion to Dismiss (Doc. 50) and Plaintiffs' Motion to Consolidate Cases. (Doc. 57.)

On November 27, 2013 this Court found that Plaintiffs are not the real parties in interest under O.C.G.A. Section 44-14-3, the statute under which they seek damages. (Doc. 69 at 3.) The Court concluded that Defendant's Motion to Dismiss (Doc. 50) should be granted but stayed the above-styled action for forty-five (45) days to allow Plaintiffs to seek ratification, joinder, or substitution of the real party in interest—the current property owner of the home the Joneses once owned in Columbus, Georgia. (Doc. 69 at 8.) Now, after nearly ten months and four additional Orders staying the proceedings, the Plaintiffs have failed to seek ratification, joinder, or substitution of the real party in interest in their claim (*See* Docket; Docs. 73, 76, 78, 80.) For the reasons set forth in this Court's November 27, 2013 Order (Doc. 69), Defendant's Motion to Dismiss is **GRANTED**.

On August 5, 2013 Plaintiffs moved to consolidate this case with *Schorr v. Countrywide Home Loans, Inc.*, No. 4:07-cv-00019-WLS and to add Lori and Bradley Schorr as plaintiffs and putative class representatives in this case and Bank of America, N.A. as a defendant in the *Schorr* action. (Doc. 57.) In a January 13, 2014 brief in response to this Court's November 27, 2013 Order, Plaintiffs repeated their arguments in support of consolidation and

urged the Court to consolidate the cases and find Defendant's pending Motion to Dismiss moot. (Doc. 70.)

The Court agrees with Defendant that consolidation cannot cure defective standing in this case. (Doc. 62 at 6-8.) "Consolidation does not result in a merger of suits or parties such that federal jurisdiction in one case can be engrafted upon a case with which it is consolidated. Each suit must have an independent jurisdictional basis." *Xaros v. U.S. Fidelity and Guaranty Co.*, 820 F.2d 1176, 1180 n.1 (11th Cir. 1987) (citing *Johnson v. Manhattan Railway Co.*, 289 U.S. 479 (1993)). The Joneses are not the real party in interest in their claim under O.C.G.A. Section 9-11-17 and neither would the Schorrs be if they were added as plaintiffs and putative class representatives in this case. Furthermore, having granted Defendant's Motion to Dismiss, the Court finds that Plaintiffs' Motion to Consolidate and add the Schorrs as plaintiffs is now moot.

Additionally, Plaintiffs' Motion to Join Bank of America, N.A. as a defendant in the *Schorr* case is improperly filed in this action. (Doc. 57 at 8.) Should any of the Parties in *Schorr* seek joinder of Bank of America, N.A., a motion to join should be filed in that action. *See* Fed. R. Civ. P. 19 and 20.

For the reasons set forth above and in this Court's November 27, 2013 Order (Doc. 69), Defendant's Motion to Dismiss is **GRANTED**. Furthermore, for the reasons set forth herein, Plaintiffs' Motion to Consolidate Cases (Doc. 57) is **DENIED**.


**SO ORDERED**, this <u>10th</u> day of September, 2014.


<u>**/s/ W. Louis Sands**</u>
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

2